**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABEL DIAZ-OROZCO, | No. 19-72541 |
| Petitioner, | Agency No. A206-456-914 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Abel Diaz-Orozco, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014), including the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Conde Quevedo*, 947 F.3d. at 1241. We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

The agency did not err in concluding that Diaz-Orozco did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (proposed particular social group based on perceived wealth not sufficiently particular). We lack jurisdiction to consider Diaz-Orozco's contentions that the IJ considered an incorrectly articulated particular social group because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks

19-72541

jurisdiction to review claims not presented to the agency). Diaz-Orozco's contentions that the agency erred in its legal analysis or ignored evidence fail. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency adequately considered evidence and sufficiently announced its decision). In light of this disposition, we do not reach Diaz-Orozco's remaining contention regarding his claims for asylum and withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Thus, Diaz-Orozco's asylum and withholding of removal claims fail.

In denying CAT relief, the BIA incorrectly stated that Diaz-Orozco's ability to relocate was dispositive of his claim. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (explaining that the possibility of internal relocation is one of several non-determinative factors the agency must consider under the governing regulations and remanding where the agency denied CAT relief on the improper reasoning that petitioner had "failed to prove that relocation within Mexico was impossible"). We therefore grant the petition for review as to Diaz-Orozco's CAT claim and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

19-72541

Diaz-Orozco's removal is stayed pending a decision by the BIA.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**